IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDDIE BALLESTEROS,    No C-09-5034 VRW (PR)

    Petitioner,

    v    ORDER TO SHOW CAUSE

G NOLL, Warden,

    Respondent.
_____/

    Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging the forfeiture of thirty days of time credits and loss of certain privileges following a disciplinary hearing finding him guilty of possession of a cell phone charger. Petitioner has paid the $5.00 filing fee.

    Petitioner unsuccessfully challenged the forfeiture of time credits and loss of privileges in the state courts until the Supreme Court of California denied his final state habeas petition on September 30, 2009. Doc #1 at 31-36. The instant federal

petition followed.

**I**

**A**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

**B**

Petitioner seeks federal habeas corpus relief on the ground that the disciplinary finding that resulted in the forfeiture of thirty days of time credits and loss of certain privileges is not supported by the evidence. Liberally construed, the claim appears cognizable under § 2254 and merits an answer from respondent. See Zichko v Idaho, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**II**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on

2

respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer.

3. In lieu of an answer, respondent may file a motion to dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

*//*
*//*
*//*
*//*
*//*

3

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner also must keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.09\Ballesteros-09-5034-osc.wpd

**4**