IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE BALLESTEROS, | ) | No. C 09-05034 JW (PR) |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY |
| vs. | ) | |
| RANDY GROUNDS, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner incarcerated at the California Men's Colony State Prison in San Luis Obispo, California, has filed a <u>pro se</u> petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary hearing finding him guilty of possession of a cell phone charger. (Docket No. 1.) The Court reviewed the petition and ordered Respondent to show cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. (Docket No. 4.) Respondent filed an answer and Petitioner filed a traverse. For the reasons set forth below, the petition will be DENIED.

//
//
//

## PROCEDURAL BACKGROUND

Petitioner is serving an indeterminate sentence of fifteen years to life in prison on a second degree murder conviction. (Docket No. 6, Exh. 1.) In this action, Petitioner challenges a prison disciplinary decision made while he was incarcerated at Correctional Training Facility - Central ("CTF-Central") in Soledad, California. The petition and the attachments thereto provide the following information:

On November 4, 2008, CTF-Central prison officials conducted a routine search of East Dorm, Upper Bed 72, which was assigned to Petitioner. Petitioner was at work and not present during the search. During the search, the prison officials found a Motorola phone charger inside the laundry bag hanging at the foot of Upper Bed 72 on the right side. (Docket No. 1, Exh. A.) The laundry bag was labeled "ED-72U" and had been assigned to Petitioner. (Id.) Three days later, a CDC-115 rules violation report ("RVR") was issued that charged him with possession of contraband, specifically a cell phone charger. (Id.)

On November 10, 2008, a hearing was held on the RVR, at which time Petitioner pled not guilty. (Docket No. 1, Exh. A.) Petitioner was found guilty of possession of a cell phone charger, in violation of 15 Cal. Code Regs. § 3006(c)(3), and assessed a 30 day forfeiture of credit, consistent with a Division F offense, and loss of certain privileges. (Id.)

Petitioner appealed, denying ownership or possession of the charger and arguing that any of the 300 inmates within the dorm could have placed the charger in his laundry bag, especially as he was not present at the time of the discovery. (Docket No. 1, Exh. B.) Petitioner requested that this RVR and related guilty finding be expunged from his record. (Id.) Petitioner's administrative appeals were denied. (Id.)

Petitioner then filed a petition for writ of habeas corpus in Monterey County

2

Superior Court, claiming that there was no evidence to support the disciplinary board's decision. (Docket No. 1, Exh. F.) The superior court denied the petition on the basis that there was some evidence to support a guilty finding. (Id.) Both the California Court of Appeal and the California Supreme Court issued summary denials. (Id.) The instant federal petition for a writ of habeas corpus followed, raising the same issues and seeking expungement of the guilty finding and to bar the Board of Parole Hearings from considering this RVR and related guilty finding in assessing Petitioner's eligibility for parole.

## DISCUSSION

A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009–10 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 552 (9th Cir. 2010) (en banc). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). The Ninth Circuit has interpreted "likely" to mean "*could* potentially affect the duration of [the prisoner's] confinement." Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (emphasis in original); cf. Edwards v. Balisok, 520 U.S. 641, 643-44 (1997) ("the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus").

3

Under AEDPA, federal habeas corpus relief will only be granted with respect to claims adjudicated on the merits if a state court's decision was either 1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1)-(2). Under this deferential standard, federal habeas relief will not be granted simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Williams v. Taylor, 529 U.S. 362, 411 (2000). Rather, that application must also be unreasonable. Id. The only definitive source of clearly established federal law under 28 U.S.C. § 2254 (d) rests in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003), overruled in part on other grounds by Lockyer v. Andrade, 538 U.S. 63 (2003).

A federal district court reviews the last reasoned state court opinion which is, in this case, the opinion issued by the Monterey County Superior Court. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Where the state court decided an issue on the merits but provided no reasoned decision, the court conducts an independent review of the record to determine whether the state court was objectively unreasonable in its application of controlling federal law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). Federal habeas relief will be granted only if, after an independent review of the record, the court determines that the state court was objectively unreasonable in its application of controlling federal law. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

Although the present action challenges an administrative decision rather than the judgment of conviction, § 2254 applies because the Petitioner is in custody

4

pursuant to the judgment of a state court and because the guilty finding could potentially affect the duration of his confinement.

B. <u>Analysis</u>

Petitioner claims that the disciplinary board's decision violated his due process rights because there was no evidence in the record to support the guilty finding. Petitioner argues that because there are over 300 inmates housed in his dorm and because his laundry bag was not within his control while he is at work, it was arbitrary for the disciplinary board to conclude that he possessed the cellphone charger.

An inmate in California is entitled to due process before being disciplined when the discipline imposed causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or will "inevitably affect the duration of his sentence." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 487 (1995). Due process requires that there be "some evidence" to support the disciplinary decision. <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985).

The state trial court rejected Petitioner's claim as follows:

> Petitioner's claim [that there was no evidence to support the finding of guilt] fails. The Court applies the "some evidence" standard to review the disciplinary hearing officer's decision. <u>In re Powell</u> (1988) 45 Cal. 3d 894, 904; <u>In re Ramirez</u> (2001) 94 Cal. App. 4th 549, 564. Under the "some evidence" standard, the hearing officer's decision will be upheld as long as there is "some basis in fact" for the decision. <u>In re Powell</u>, supra, 904; <u>In re Ramirez</u>, supra, 563. Courts applying this deferential standard need not examine the entire record, independently assess the credibility of witnesses, or weight the evidence. (<u>Superintendent v. Hill</u> (1985) 472 U.S. 445, 455-56.)
>
> . . .
>
> The record shows that the evidence used to render the guilty finding included RVR Log No. I-11-08-02 authored by C.O. Salazar. According to such RVR:
>
> "On 11/4/08, at approximately 0915 hours, while performing a routine search of ED-72U, which is assigned to Inmate Ballesteros, D-32714, I discovered, hidden inside the laundry bag, a Motorola phone charger. The phone charger . . . was wrapped inside a state sock and was inside the laundry bag which was labeled with ED-72U. I proceeded to thoroughly search the bed area for

5

the phone with negative results."

The hearing officer's finding that Petitioner was guilty of a violation of CCR § 3006(c)(3), for the specific act of possession of a cell phone charger, is supported by some evidence in the record.

(Docket No. 1, Exh. F at 2–3.)

The state court correctly identified the "some evidence" standard set forth in Hill as the applicable federal law set forth by the Supreme Court. The "some evidence" standard is a reduced evidentiary standard that requires only a "modicum" of evidence to support the hearing officer's decision to revoke good time credits. Hill, 472 U.S. at 457. As the state court noted, there is "some evidence" that Petitioner possessed the cell phone charger, namely the discovery of the charger among Petitioner's belongings. Although Petitioner argues that it would be reasonable to conclude that another inmate had placed the charger in his bag, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Id. The state court decision was not contrary to, nor did it involve an unreasonable application of the "some evidence" standard.

Nor was the state court decision based on an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. § 2254(e)(1). The evidence before the state court was that a phone charger was found in the laundry bag which belonged to Petitioner. Petitioner's claim that the state court should have placed more importance on the fact that he lived with over 360 other inmates and on the fact that the laundry bag was not within his control at all times does not render the state court's decision objectively unreasonable. Accordingly, Petitioner is not entitled to federal habeas relief on his claim that his prison disciplinary decision violated his due process rights.

### CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a

6

district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is hereby DENIED, and a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: April 27, 2012



JAMES WARE
United States Chief Judge

G:\PRO-SE\JW-SF\HC-09\Ballesteros-09-5034-deny habeas.wpd

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE BALLESTEROS,<br><br>      Plaintiff,<br><br>v.<br><br>G. NOLL et al,<br><br>      Defendant. | Case Number: CV09-05034 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie Ballesteros D-31714
CA Men's Colony State Prison
C5343X
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: April 27, 2012

                                        Richard W. Wieking, Clerk
                                        By: T. De Martini, Deputy Clerk